NOT DESIGNATED FOR PUBLICATION

No. 121,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT COLT PREBBLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Robert Colt Prebble appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Prebble's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On May 4, 2018, Prebble pled guilty to two counts of possession of methamphetamine and one count of interference with a law enforcement officer. On June 29, 2018, the district court imposed a controlling sentence of 40 months' imprisonment but granted a dispositional departure to probation for 18 months.

At a hearing on August 10, 2018, Prebble admitted to violating the conditions of his probation on several grounds and the district court imposed a three-day jail sanction.

1

Pursuant to a journal entry filed on April 30, 2019, Prebble admitted to violating the conditions of his probation by failing to report to his supervisor as instructed. The district court revoked Prebble's probation and ordered him to serve his original sentence.

On appeal, Prebble claims the district court abused its discretion by revoking his probation when sanctions remained a viable option. But Prebble concedes that the district court can bypass intermediate sanctions when the defendant was granted probation as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Prebble concedes, the district court did not have to impose additional intermediate sanctions because his probation was originally granted as the result of a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B). The record shows that the district court gave Prebble at least two chances to succeed on probation, but he could not comply with the basic conditions of his supervision by reporting as directed. The district court's decision to revoke Prebble's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Prebble has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.